

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00153-CR
No. 07-16-00154-CR
_____

PHILLIP ANDREW RODRIGUEZ
AKA PHILLIP RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from Criminal District Court Number Two
Tarrant County, Texas
Trial Court Nos. 1333118D & 1333120D; Honorable Wayne Salvant, Presiding

September 22, 2016

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

In March 2014, Appellant, Phillip Andrew Rodriguez aka Phillip Rodriguez, pleaded guilty in trial court cause number 1333118D to possession with intent to deliver cocaine in an amount of one gram or more but less than four grams, a second degree

felony.[1] He was granted deferred adjudication community supervision for eight years and assessed a fine of $800. In trial court cause number 1333120D, he pleaded guilty to possession of less than one gram of methylone, a state jail felony,[2] and was granted deferred adjudication community supervision for five years and assessed a fine of $500. Neither fine was suspended. In October 2015, the State moved to proceed to adjudication alleging that Appellant had committed the new offense of driving while intoxicated and had failed to participate in and complete his community service restitution hours, both violations of the conditions of his community supervision. Following a hearing at which Appellant entered a plea of true to the allegations, the trial court adjudicated him guilty of the charged offenses and assessed punishment at eight years confinement in the Institutional Division of the Texas Department of Criminal Justice and two years confinement in a state jail facility, respectively. The court further ordered the two sentences to run concurrently. In presenting these appeals,[3] counsel has filed an *Anders*[4] brief in support of a motion to withdraw. We affirm and grant counsel's motion.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the records, and in his opinion, they reflect no potentially plausible basis for reversal of Appellant's convictions. *Anders v. California*, 386 U.S.

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (West 2010).
[2] TEX. HEALTH & SAFETY CODE ANN. § 481.116(b) (West 2010).

[3] Originally appealed to the Second Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this court on any relevant issue. TEX. R. APP. P. 41.3.

[4] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the records support that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a *pro se* response if he desired to do so, and (3) informing him of the right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[5] By letter, this court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

STANDARD OF REVIEW

An appeal from a court's order adjudicating guilt is reviewed in the same manner as a revocation hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2016). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this court is whether the trial court abused its discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to

---

[5] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days *after* this opinion is handed down, send Appellant a copy of the opinion and judgments together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35. The duty to send the client a copy of this court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

3

revoke. *Cobb v. State,* 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). In a revocation context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Hacker*, 389 S.W.3d at 865 (citing *Rickels*, 202 S.W.3d at 764). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex. Crim. App. 1984). In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). Additionally, a plea of true standing alone is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

By the *Anders* brief, counsel concedes there are no meritorious issues to present for appellate review. Counsel evaluates the records and concedes no reversible errors are presented. He also concedes that Appellant's pleas of true to the State's allegations are sufficient to support the trial court's judgments adjudicating guilt and revoking community supervision.

We have independently examined the records to determine whether there are any non-frivolous issues which might support the appeals. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the records and counsel's brief, we agree with counsel that there is no

4

plausible basis for reversal of Appellant's convictions. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

Accordingly, the trial court's judgments are affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.